# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff*,

vs().

ERNESTO HERNANDEZ-LIZARDI and
RAUL MANZANAREZ-Rivera,

*Defendants.*

Case No.10-10136-EFM

## MEMORANDUM AND ORDER

Defendant Ernesto Hernandez-Lizardi has been indicted on one count of illegal alien in possession of ammunition and one count of illegal alien in possession of a firearm. Defendant Lizardi filed a motion to have the evidence against him suppressed, which the Court denied in an order issued on January 19, 2011. Presently before the Court is Defendant Lizardi's motion for reconsideration of the January 19 order or/in the alternative, supplemental motion to suppress evidence (Doc. 49). For the reasons stated below, the Court denies Defendant's motion.

Because motions to reconsider in the criminal context are rare and not explicitly provided for in the Federal Rules of Criminal Procedure, this Court applies the same standard that is used for evaluating a motion to reconsider in the civil context to such motions.[1] Under this standard, a motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2)

---

[1] *See, e.g., United States v. Lawson*, 2008 WL 3850486, at * 1 (D. Kan. Aug. 15, 2008) (collecting cases).

the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] Whether to grant a motion for reconsideration is within the Court's discretion.[3]

In his brief, Defendant Lizardi does not point to an intervening change in the controlling law or the discovery of new evidence. Therefore, Defendant's motion, to the extent it seeks to have this Court reconsider its earlier order, must be based on the need to correct clear error or prevent manifest injustice. After reviewing Defendant's motion, the Court does not find that either of the aforementioned bases for reconsideration are present in the current case. Therefore, the Court denies Defendant's motion to the extent it asks this Court to reconsider its January 19 order.

The Court also denies Defendant's motion to the extent it seeks to have the evidence against him suppressed based on the "supplemental" arguments and authorities set forth in his motion. While it is true that Defendant's current motion explicitly raises arguments that Defendant failed to initially and contains citations to cases that were not included in his first motion, this fact does not alter the Court's rulings contained in its January 19 order. In that order, the Court addressed each of the arguments and cases on which Defendant now relies. As a consequence, Defendant's most recent motion provides no new reason for why the evidence against him should be suppressed, and, thus, the Court denies Defendant's motion to the extent it seeks suppression based on "supplemental" arguments and authorities.

**IT IS ACCORDINGLY ORDERED** that Defendant Lizardi's motion to reconsider the Court's January 19, 2011, order is hereby DENIED.

---

[2] D. Kan. Rule 7.3(b).

[3] *Nat'l Labor Relations Bd. v. Midwest Heating & Air Conditioning, Inc.,* 2008 WL 4330022, at * 1 (D. Kan. Sept. 16, 2008).

**IT IS SO ORDERED**.

Dated this 23rd day of February, 2011.

                                                ERIC F. MELGREN
                                                UNITED STATES DISTRICT JUDGE